SO ORDERED.

Dated: March 23, 2017

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re Alejandrina Wilson, <br><br>  Debtor. | Chapter 7 Proceedings <br><br> Case No: 3:16-bk-12342-DPC <br><br> **Under Advisement Ruling on Validity of Bankruptcy Filing** <br><br> [NOT FOR PUBLICATION] |

This matter came before the Court on Trustee's Motion to Determine Validity of Bankruptcy Filing. Trustee disputes the validity of the Debtor's chapter 7 filing because the Declaration of Electronic Filing was signed by Debtor's daughter Alisa Hake who, at the time, held a power of attorney for the Debtor. After consideration, the Court now confirms the validity of this proceeding.

## I. Background

Alejandrina Wilson ("Debtor") filed the instant chapter 7 petition on October 26, 2016. (DE[1] 1). The first meeting of creditors under 11 U.S.C. § 341 was scheduled for December 16, 2016. (DEs 2 & 7). According to Trustee's Motion to Determine Validity of Bankruptcy Filing ("Motion for Determination") (DE 13), Debtor did not appear at the 341 meeting. *Id.* Instead, Debtor's daughter, Ms. Alisa Hake, appeared claiming that she held a power of attorney for the Debtor. *Id.* Following the first meeting of creditors, Trustee filed the Motion for Determination and the Court set a hearing for January 27, 2017. (DEs 13 & 14). On January 11, 2017, Debtor, through counsel, filed a Response to the Motion for Determination (DE 15), and the Court heard argument on January 27,

---

[1] DE will hereinafter refer to docket entries from the administrative case 3:16-bk-12342-DPC.

2017. (DE 17). At the hearing, counsel for Trustee appeared and argued the applicability of *In re Brown,* 163 B.R. 596 (Bankr. N.D. Fla. 1993), a case not cited in the Motion for Determination. Debtor's counsel discussed amending the documents in question to reflect the arrangement between the Debtor, her daughter, and the power of attorney. (DEs 16 & 17). The Court subsequently took this matter under advisement. After the hearing, on February 3, 2017, Debtor filed a Memorandum in Support of Response to Trustee's Motion for Determination. (DE 18). On February 8, 2017, Debtor filed an Amended Declaration Re: Electronic Filing, this time signed by Debtor. (DE 19).

## II. Issue

Is this case a valid chapter 7 filing despite the Debtor's failure to personally sign the original Declaration Re: Electronic Filing?

## III. Analysis

At the January 27, 2017 hearing, Trustee referenced a case from the Bankruptcy Court for the Northern District of Florida called *In re Brown,* 163 B.R. 596 (Bankr. N.D. Fla. 1993). There, the signature on the bankruptcy petition was forged by the debtor's non-filing spouse. *Id*. at 598. While the Debtor's spouse had a power of attorney over the Debtor's financial affairs, the power of attorney made no reference to filing a bankruptcy petition. *Id*. at 597. Because the signature on the petition was a forgery, the power of attorney did not authorize a bankruptcy filing, and the Debtor had passed away by the time the issue was raised, the *Brown* court used its inherent authority under 11 U.S.C. § 105 to find that the bankruptcy filing was invalid and dismiss the case. *Id*. at 598.

The facts before this Court are significantly different from those in *Brown*. First, the Debtor did in fact sign the petition, schedules, and statements, albeit electronically. *See (*DE 1 pp. 4, 10, 29, 38, 40). These were not forged signatures, but electronic signatures that Debtor, through counsel, has affirmed were her own. (DE 18, p.2, ¶4).

Debtor's daughter originally signed the Declaration Re: Electronic Filing (DE 8), however Debtor subsequently uploaded an Amended Declaration Re: Electronic Filing (DE 19) which bears Debtor's actual signature. Third, the Durable Power of Attorney attached to the Response to the Motion for Determination (DE 15) specifically provides that Ms. Hake may act on Debtor's behalf to "research and initiate bankruptcy proceedings." (DE 15, Exhibit 1, p. 3, ¶11). Finally, unlike the *Brown* case, here the Debtor is alive and has affirmed through counsel that she signed the documents underlying this proceeding. (DE 18, p.2, ¶4).

### IV. Conclusion

The Court finds no reason why Debtor should not be allowed to proceed with her chapter 7 case.

**IT IS ORDERED,** denying the Motion for Determination and confirming the validity of Debtor's chapter 7 filing.

**Signed and Dated Above.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

Alejandrina Wilson
20950 N Old Highway 89
Paulden, AZ 86334-4526

Monte Alan Rich
Law Offices of Monte Alan Rich LLC
141 S. McCormick St., #206l
Prescott, AZ 86301

Lawrence J. Warfield
P.O. Box 3350
Carefree, AZ 85377